# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:19-cr-0099-DCN (13) |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | THOMAS M. PARKER |
| JASON REID, ) | |
| ) | |
| Defendant. ) | **ORDER ON GOVERNMENT'S** |
| ) | **MOTION FOR DETENTION** |

The United States has charged Defendant Jason Reid Mott by indictment filed on February 27, 2019 with two counts:

- conspiracy to possess with intent to distribute and distribution of fentanyl, heroin and oxycodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), (b)(1)(C) and (b)(1)(D)(Count 1); and,

- use of a communication facility in furtherance of a drug trafficking crime in violation of 21 U.S.C. § 843(b)(Counts 23-42).

If convicted, defendant faces a mandatory prison term of at least10 years up to life in prison plus other potential sentences. At the initial appearance on February 28, 2019, the government moved for detention, and defendant requested a hearing. The undersigned heard the motion on March 7, 2019. Upon consideration of the applicable requirements of 18 U.S.C. § 3142, the government's motion for detention is DENIED.

The government presented no testimony at the detention hearing. Instead, the government proffered the indictment and the report of pretrial services with no objection from the defense. Pretrial Services Officer Julie Gray categorized Reid as a Category 4 PTRA risk, set forth his demographic and criminal history information and recommended that no bond be granted.

Defendant proffered information in the report of pretrial services indicating his current contact in the community, including his role as a live-in partner of his girlfriend and provider of child care services to children in the home. The defense pointed out that Reid has stable housing and community and family contacts. The defense pointed out that Reid's prior criminal history was less serious than it appears upon cursory examination. The defense pointed out that the indictment barely alleged any wrongful conduct on defendant's part and nothing to suggest he could not be safely released on bond.

The government asserted defendant had a long criminal history and it asserted Reid's contacts in the state of New Jersey suggested he is a flight risk.

The court finds this case is one in which a rebuttable presumption for detention exists under 18 U.S.C. § 3142(e)(3) in that defendant is charged with a violation of the Controlled Substances Act, 21 U.S.C. §§ 801, et seq. and faces a maximum sentence in excess of 10 years. The following facts support the government's position that detention should be ordered: defendant has a prior criminal history that included drug trafficking and some offenses of violence. Some evidence of failures to appear in court exists. Further, strong evidence supports the government's case.

Defendant's rebuttal evidence was more persuasive. Defendant impressed the court as a person who is now committed to his significant other and his child with her. The court concludes bond conditions can be put in place that would reasonable assure his future appearances in court and protect the safety of the community.

Based upon an examination of the totality of the evidence before the court and an application of all the standards in 18 U.S.C. § 3142, the court concludes defendant offered sufficient information to rebut the presumption for detention. Further, the court finds the government did not carry its burden to show by clear and convincing evidence that no combination of bond conditions could assure the safety of the community. And it did not carry its burden to establish that no bond conditions could reasonably assure the appearance of the defendant at future court proceedings.

The court will grant defendant a $20,000 unsecured bond subject to standard conditions of release. Further defendant will be subject to home incarceration at his residence with a form of location monitoring to be determined by Pretrial Services. Permission to leave the residence is granted only to report to pretrial services, to meet with his counsel, and attend court. The U.S. Pretrial Services and Probation department must verify that the residence is suitable before defendant may be released. Should if find the residence unsuitable, the court reserves the right to modify this ruling.

IT IS SO ORDERED.

Dated: March 13, 2019

Thomas M. Parker
United States Magistrate Judge